UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LAWRENCE STEVENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 2:20-cv-00429-JPH-MG |
| | ) |
| T. J. WATSON, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

After he was found guilty in the Central District of Illinois of possession of cocaine base with intent to distribute; unlawful possession of a firearm by a convicted felon; and possession of a firearm in furtherance of a drug crime, petitioner Lawrence Stevens was sentenced to a term of life imprisonment. *United States v. Stevens*, 380 F.3d 1021, 1023–24 (7th Cir. 2004). Mr. Stevens's term of life imprisonment was statutorily imposed as a result of his possession of a firearm in furtherance of a drug crime conviction under 18 U.S.C. §§ 924(c)(1)(D)(ii) and 3559(c)(1)(A)–(B), (c)(2)(F). Mr. Stevens is serving that sentence at the United States Penitentiary, Terre Haute, which is located in the Southern District of Indiana. In this case, Mr. Stevens seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his sentence was improperly enhanced. Dkt. 1 at 6. Because Mr. Stevens previously raised this argument in a prior § 2241 petition, this petition must be dismissed pursuant to 28 U.S.C. § 2244(a).

**I. Factual and Procedural Background**

In March 2002, two armed men robbed the Land of Lincoln Credit Union in Decatur, Illinois. *Stevens v. United States*, 530 F.3d 502, 502 (7th Cir. 2008). One of the suspected robbers,

1

Alban Woods, was found nine days later; he had been shot to death. The investigation of these crimes led the police to Mr. Stevens. A search of Mr. Stevens's residence uncovered various items, including cocaine base, firearms and ammunition, a postal scale, a cellular phone, $49,312 in currency, and two cars. *Id.* at 502–03.

As a result, Mr. Stevens was charged with and convicted of: possession of five grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1); unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 2); and possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 3559(c) (Count 3). *Stevens*, 380 F.3d at 1023.

The judge in that case determined that Mr. Stevens was an armed career criminal under 18 U.S.C. § 924(e)(2) because he had at least three prior felony convictions. Dkt. 22 (PSR). His predicate convictions included a 1974 Missouri felony conviction for assault with intent to kill without malice (PSR, ¶ 34); a 1978 Missouri felony conviction for assault with intent to kill with malice (PSR, ¶ 36); a 1990 Illinois felony conviction for armed robbery (PSR, ¶ 40); and a 1974 Missouri felony conviction for possession of a sawed-off shotgun (PSR, ¶ 26).[1] The statutory mandatory sentence for Count 3 was life imprisonment under the federal "three-strike" statute. 18 U.S.C. § 3559(c)(1)(A)–(B) and (c)(2)(F).

Stevens was sentenced to concurrent 327-month terms of imprisonment on Counts 1 and 2 and a consecutive sentence of life imprisonment on Count 3. His convictions were affirmed on appeal. *Stevens*, 380 F.3d at 1023.

---

[1] The sentencing judge also found that Mr. Stevens was not a career offender because he did not have two prior felony convictions of either a crime of violence or a controlled substance offense countable under United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(c)(2). PSR, ¶ 25.

2

Mr. Steven's attempts to obtain relief pursuant to 28 U.S.C. § 2255, were equally unsuccessful. *Stevens v. United States*, No. 07-1715 (7th Cir. Aug. 21, 2007); *Stevens v. United States*, No. 08-2312 (7th Cir. June 16, 2008); *Stevens v. United States*, No. 15-3086 (7th Cir. Oct. 21, 2015).

Mr. Stevens has also filed three petitions for writ of habeas corpus under 28 U.S.C. § 2241 in this Court. *See Stevens v. Marberry*, No. 2:08-cv-00375-WTL-TAB (S.D. Ind. Dec. 2, 2008); *Stevens v. Marberry*, No. 08-4209 (7th Cir. Aug. 18, 2009); *Stevens v. Lockett*, No. 2:15-cv-00422-WTL-DKL (S.D. Ind. Feb. 14, 2017); *Stevens v. Lockett*, No. 17-1584 (7th Cir. Jun. 16, 2017). It is the third petition that is relevant to this case.

In his third § 2241 petition, Stevens argued that he is entitled to relief based on two different grounds: (1) the sentence imposed for Count 3 was improperly imposed consecutively when it should have been imposed concurrently; and (2) under *Mathis v. United States*, 579 U.S. 500 (2016), he does not have the necessary predicate convictions to be a career offender under U.S.S.G. § 4B1.1. *Stevens v. Krueger*, No. 2:17-cv-526-JMS-DLP (S.D. Ind. May 2, 2019). Mr. Stevens's writ was denied because he was unable to demonstrate a miscarriage of justice. *Id.*, dkt. 30 at 7. In doing so, the judge construed Mr. Stevens's *Mathis* claims broadly, explaining that his prior felony convictions are predicate offenses under the Armed Career Criminal Act, § 924(e)(1), and that *Mathis* does not call into question his term of mandatory life imprisonment under § 3559(c). *Id.*, dkt 30 at 6–7. Mr. Stevens appealed the denial of his third § 2241 petition and the Seventh Circuit summarily affirmed because Mr. Stevens could not show a miscarriage of justice. *Stevens v. Watson*, No. 19-2112 (7th Cir. Jun. 16, 2022).

In this case, Mr. Stevens has filed another § 2241 petition raising a *Mathis* claim.

3

## II. Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

Relatedly, the Antiterrorism and Effective Death Penalty Act of 1996 prohibits the filing of repeated habeas petitions that attack the prisoner's underlying conviction or sentence. Specifically, "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

## III. Discussion

Given the limited review available in a § 2241 petition, the first step in this case is to determine whether Mr. Stevens's claims have been previously considered in a prior habeas action. 28 U.S.C. § 2244(b)(1).

The claim raised in this case is that the life sentence imposed on Count 3 under 18 U.S.C. §§ 924(e) and § 3559(c) is invalid in light of *Mathis*. Dkt. 1 at 7–8. The United States argues that Mr. Stevens has already pursued a *Mathis* claim in 2:17-cv-526-JMS-DLP and that this Court should not entertain a successive petition under § 2241 raising the same claims. Dkt. 21 at 7–14.

Mr. Stevens was given an extended period of time to respond to this argument but did not file a reply.

In 2:17-cv-526-JMS-DLP, Mr. Stevens argued that he was entitled to relief under *Mathis*. The district court rejected that argument. *Stevens v. Krueger*, No. 2:17-cv-526-JMS-DLP (S.D. Ind. May 2, 2019), dkt. 30 at 6–7. The Court denied relief concluding that Stevens was unable to demonstrate a miscarriage of justice. *Id.*, dkt. 30 at 7. In doing so, the Court explained that his prior felony convictions are predicate offenses under the Armed Career Criminal Act, § 924(e)(1) and that *Mathis* does not call into question his term of mandatory life imprisonment under § 3559(c). *Id.,* dkt 30, pp. 6-7. These are the same claims raised in this case. Thus, Mr. Stevens's *Mathis* claim was previously considered in a prior habeas action.

Section 2244(a) "bars successive petitions under § 2241 directed to the same issue." *Ellis v. Olson*, 27 F. App'x 620, 622 (7th Cir. 2001) (citing cases). Thus, Mr. Stevens's claims in this case are barred by the abuse-of-the-writ doctrine, under which a petitioner abuses the federal writ of habeas corpus "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

### IV. Conclusion

Mr. Stevens's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **dismissed** with prejudice. *See Ellis*, 27 F. App'x at 622 (affirming dismissal with prejudice under § 2244(a) of successive § 2241 petition); *Arnaout v. Marberry*, 351 F. App'x 143, 145 (7th Cir. 2009) (concluding that a second petition that was an abuse of the writ was properly dismissed with prejudice). Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/1/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LAWRENCE STEVENS
12867-026
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov